IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF ST. MARY'S HOLY APOSTOLIC CATHOLIC CHURCH OF THE EAST, a non-profit Corporation,<br><br>          Plaintiff,<br>v.<br><br>MAR ADDAI II, et al.,<br><br>          Defendants. | 1:12-cv-1448 AWI BAM<br><br>ORDER REMANDING AND CLOSING CASE |

    This case involves a dispute between members of a church. Specifically, it appears that there is a dispute among the parties as to whom has the lawful authority to act on behalf of, and to control, St. Mary's Holy Apostolic Church. On August 30, 2012, Plaintiff filed suit in the Fresno County Superior Court and alleged state law claims for declaratory and injunctive relief, breach of fiduciary duty, and California Civil Code § 953 for destruction of property. On September 5, 2012, Defendants removed the case to this Court on the basis of diversity and federal question jurisdiction.[1]

    On September 7, 2012, the Court ordered Defendants to show cause why this case should not be remanded to the Fresno County Superior Court. The Court established a briefing schedule that provided for a response by Defendants, a response by Plaintiff, and a reply by Defendants. All briefing has now been received. For the reasons that follow, the Court will remand.

---

[1] In the notice of removal, Defendants maintained that a federal question was present because the resolution of Plaintiff's claims involves the issue of hierarchical church governance and thus, required resolution of First Amendment issues. In their reply brief, Defendants now candidly concede that federal question jurisdiction does not exist. See Doc. No. 10 at 4:20-22. The Court accepts that federal question jurisdiction does not exist in this case.

*Defendants' Arguments*

Defendants argue that the Court has diversity jurisdiction. Defendants contend that Mar Addai II and Mar Zaia Koshaba are citizens of Iraq, Plaintiff purports to be a California citizen, and the remaining Defendants are all California citizens ("California Defendants").[2] However, the California Defendants are sham defendants. The California Defendants each acted as agents of Mar Addai II or Mar Zaia Koshaba in doing the acts complained of. That is, the acts were all done in a representative capacity. The California Defendants are only nominal parties, and the real defendants in this lawsuit are Mar Addai II and Mar Zaia Koshaba. Plaintiff's cause of action against the California Defendants for violation of California Civil Code § 953 based on damage done to church property is not properly pled, and the facts as alleged do not implicate § 953.

Defendants also argue that Plaintiff does not have standing to sue for damage done to church property. There are no allegations of ownership in the church property by Plaintiff, or any allegations that show a right to control church property. Further, despite the allegation in the Complaint, Plaintiff is not a California corporation. Plaintiff does not exist in the California Secretary of State's database. In fact, based on the allegations in the Complaint, Plaintiff "The Board of St. Mary's Holy Apostolic Catholic Church of the East" is one and the same as named Defendant "St. Mary's Holy Apostolic Catholic Church of the East, Inc."

*Legal Standard*

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

---

[2] The California Defendants are: Aprem Benjamin, Emad Esho, George Samuel, Daniel Youkhana, and Albert Youkhana.

asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 938 (9th Cir. 2003).

A federal court may exercise jurisdiction over a case through diversity jurisdiction if the amount in controversy is at least $75,000.00 and there is diversity of citizenship. 28 U.S.C. § 1332(a). The diversity of citizenship must be complete, that is, "each of the plaintiffs must be a citizen of a different state than each of the defendant." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). The court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversies." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980); Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004).

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris, 236 F.3d at 1067. "Fraudulent joinder" is a term of art.[3] Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The joinder or inclusion of a non-diverse defendant is deemed "fraudulent," and the non-diverse defendant's presence will be ignored for diversity purposes, if the "plaintiff fails to state a cause of action against [the non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials Inc. v. Dow

---

[3] As it is a term of art, fraudulent joinder does not impugn the integrity of the plaintiff or his counsel and does not refer to an intent to deceive. Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal . 1979).

daw                                3

1  Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); Morris, 236 F.3d at 1067; Ritchey, 139 F.3d
2  at 1313; McCabe, 811 F.2d at 1339.  The defendants bear the burden of proving fraudulent
3  joinder and are entitled to present facts that show the joinder or inclusion of the non-diverse
4  defendant is fraudulent, i.e. that the non-diverse defendant cannot be liable on any theory.  See
5  Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1318; McCabe, 811 F.2d at 1339; Meisel v.
6  Allstate Indem. Co., 357 F.Supp.2d 1222, 1225-26 (E.D. Cal. 2005).  There is a general
7  presumption against fraudulent joinder, and fraudulent joinder must be proven by clear and
8  convincing evidence.  Hamilton, 494 F.3d at 1206.  All material ambiguities in state law will be
9  resolved in favor of the plaintiff.  Gray v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 405 (5th
10 Cir. 2004); Green v. Wyeth, 344 F.Supp.2d 674, 681 (D. Nev. 2004).  Remand will be required
11 "if there is a possibility that a state court would find that the complaint states a cause of action
12 against any of the resident defendants . . . ."  Hunter, 582 F.3d at 1046; see also Ritchey, 139
13 F.3d at 1318; Meisel, 357 F.Supp.2d at 1225.  Stated differently, if there is a "non-fanciful
14 possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district]
15 court must remand."  Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1062 (C.D. Cal.
16 2012); Vu v. Ortho-McNeill Pharm., Inc., 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009); Green,
17 344 F.Supp.2d at 681.  "In deciding whether a cause of action is stated . . . [courts] will look only
18 to a plaintiff's pleadings to determine removability."  Gardner v. UICI, 508 F.3d 559, 561 n.3 (9th
19 Cir. 2007); Ritchey, 139 F.3d at 1318.

20 *Discussion*

21     1.    Remand

22     Plaintiff's third cause of action alleges in part that the California Defendants are liable for
23 property damage.  The relevant allegation reads: "[The California Defendants] through their own
24 personal actions, or direction, have caused damage to St. Mary's, by destroying the locks,
25 damaging security cameras, and damag[ing] electrical wiring while attempting to break into St.
26 Mary's outside of the normal public church hours."  Complaint at ¶ 30.  Plaintiff indicates that
27 the cause of action is under California Civil Code § 953.  Civil Code § 953 reads: "A thing in
28 action is a right to recover money or other personal property by a judicial proceeding."

1    Based on the plain language of § 953, it is not apparent that this code section is the proper
2 basis for recovering property damage.  Nevertheless, putting aside the citation to § 953, it is
3 apparent that what Plaintiff is complaining about is the damage and improper destruction of
4 property by the intentional acts of the California Defendants.  See Complaint ¶ 30.  The tort of
5 conversion is supported by the allegations.  See Judicial Council of California Civil Jury
6 Instructions (2012 Ed.) – § 2100 ("CACI").

7    There is no evidence before the Court that the California Defendants cannot be liable for
8 conversion.  To be sure, Defendants contend that they were acting under legitimate authority, but
9 whether their authority was in fact legitimate is the key controverted issue in this case.  It is
10 equally possible at this point that the California Defendants did not have proper authority when
11 they destroyed/damaged Plaintiff's property.  Because the allegations indicate a non-fanciful
12 possibility that Plaintiff may recover against the California Defendants for the tort of conversion,
13 remand is required.  See Mireles, 845 F.Supp.2d at 1062; Vu, 602 F.Supp.2d at 1154; Green, 344
14 F.Supp.2d at 681; see also Hunter, 582 F.3d at 1046.

15    Defendants also argue that any acts of the California Defendants were done through the
16 authority or at the behest of Mar Addai II and/or Mar Zaia Koshaba.  That is, the California
17 Defendants were only acting as agents and are only nominal defendants.  However, under
18 California law, an "agent, servant or employee is always liable for his own torts, whether his
19 employer is liable or  not."  Perkins v. Blauth, 163 Cal. 782, 787 (1912); Hale v. Laden, 178
20 Cal.App.3d 668, 673 (1986); see Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon &
21 Gladstone, 107 Cal.App.4th 54, 68-69 (2003); Holt v. Booth, 1 Cal.App.4th 1074, 1080 n. 5
22 (1991).  "[W]hen the agent commits a tort . . . [then] the agent is subject to liability in a civil suit
23 for such wrongful conduct."  Shafer, 107 Cal.App.4th at 68 (quoting Mottola v. R.L. Kautz &
24 Co., 199 Cal. App. 3d 98, 108 (1988)).  Even if the California Defendants were acting as agents,
25 they would not be absolved of individual liability for their tortious conduct.  See Perkins, 163
26 Cal. at 787; Shafer, 107 Cal.App.4th at 68-69; Holt, 1 Cal.App.4th at 1080 n.5; Mottola, 199
27 Cal.App.3d at 108; Hale, 178 Cal.App.3d at 673.   While it appears that Mar Addai II and Mar
28 Zaia Koshaba are key defendants in this matter, Plaintiff is alleging claims against the California

Defendants for the destructive conduct that was actually done by the California Defendants themselves. These allegations are appropriate and support a basis for liability. See id.

### 2.     Attorney's Fees

As part of their opposition, Plaintiff requests that the Court award it reasonable attorney's fees pursuant to 28 U.S.C. § 1447(c). Plaintiff contends that the removal was done for purposes of delay and in the absence of any facts to justify removal. Plaintiffs seek $2,450.00, which is based on $2,100 for attorney's fees (seven hours at $300 per hour) and $350 for the appearance fee.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Where a notice of removal is "devoid of even fair support," attorney's fees should be awarded. Bartholomew v. Town of Collierville, 409 F.3d 684, 687 (6th Cir. 2005). There is no a presumption in favor of an award of fees under § 1447(c). See In re S. Cal. Sunbelt Developers, Inc., 608 F.3d 456, 462 n.1 (9th Cir. 2010).

Here, this matter was previously removed on July 31, 2012. See Doc. No. 1 in Case No. 1:12-CV-1252 AWI BAM (Eastern District of California) ("July 2012 Case"). In the July 2012 Case, the Court dissolved a TRO at the request of the parties. See id. at Doc. Nos. 8, 10. The Court also granted a defense motion for an extension of time to respond to the complaint. See id. at Doc. Nos. 9, 11. On August 29, 2012, Plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), which was effective immediately upon filing. See Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). The July 2012 Case was administratively closed on September 4, 2012. See id. at Doc. Nos. 12, 14. Plaintiff refiled the case at bar in state court on August 30, 2012, but added the California Defendants. On September 4, 2012, as in the previous case, Defendants removed to this Court. As indicated above, the Court agrees with Defendants that relief under Civil Code § 953 is not apparent, although it was relatively clear that the allegations indicate a colorable claim for conversion.

Given the nature of this case's previous foray in this Court, combined with the apparent

inapplicability of § 953, the Court cannot say that the removal was devoid of even fair support. Bartholomew, 409 F.3d at 687.  Accordingly, the Court declines to award attorney's fees.[4]

*Conclusion*

In sum, there is a presumption against fraudulent joinder, and it is Defendants' burden to overcome this presumption by clear and convincing evidence.  Hamilton, 494 F.3d at 1206. Defendants have not met their burden because it appears that a recovery for the destruction of and damage to Plaintiff's property is possible/non-fanciful against the California Defendants. Since the citizenship of the California Defendants and Plaintiff are the same, there is not complete diversity between the parties, and the Court lack subject matter jurisdiction.[5]  See Morris, 236 F.3d at 1067.  In the absence of subject matter jurisdiction, the Court must remand this case.  See Hunter, 582 F.3d at 1046; Albingia Versicherungs, 344 F.3d at 938; Bruns, 122 F.3d at 1257.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, due to this Court's lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1447(c), the Clerk shall REMAND this matter to the Fresno County Superior Court forthwith and CLOSE this case.

IT IS SO ORDERED.

Dated:   October 4, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that, contrary to Plaintiff's counsel's declaration, they have not incurred a $350 appearance fee and would not be entitled to it under § 1447(c).  The party who brings the case to federal court pays the $350 fee.  Since Defendants removed the matter to this Court, Defendants are the only parties responsible for the $350 fee.  As confirmed by the docket, the $350 fee was paid by Defendants on September 5, 2012.

[5] Defendants also contend that Plaintiff does not have standing to bring this lawsuit.  Plaintiff argues to the contrary.  "Standing is a threshold matter central to our subject matter jurisdiction."  Bates v. UPS, 511 F.3d 974, 985 (9th Cir. 2007); Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-1122 (9th Cir. 2010).  If the Plaintiff lacks standing, this Court would lack subject matter jurisdiction and would be required to remand this case. See Coyne ex rel. Ohio v. American Tobacco Co., 183 F.3d 488, 496-97 (6th Cir. 1999); Smith v. Wisconsin Dep't of Agric., 23 F.3d 1134, 1142 (7th Cir. 1994); Page v. Tri-City Healthcare Dist., 2012 U.S. Dist. LEXIS 36795, *50-*51 (S.D. Cal. Mar. 19, 2012); Doe v. Match.com, 789 F.Supp.2d 1197, 1199 & n.3 (C.D. Cal. 2011).  Since the Court has found no fraudulent joinder, it is not necessary to address the issue further other than to note that acceptance of Defendants' position would lead to the very remand that they now seek to avoid.